CLERK'S OFFICE U.S. DIST. COURT
AT ROANOKE, VA
FILED

SEP 2 2 2010

JULIA C. DUDLEY, CLERK
BY: /s/
DEPUTY CLERK

IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF VIRGINIA
ROANOKE DIVISION

| | |
|---|---|
| JOANN C. OWENS, | ) |
| | ) |
| Plaintiff, | ) |
| | ) Civil Action No. 7:09cv263 |
| v. | ) |
| | ) |
| MICHAEL J. ASTRUE, | ) By: Michael F. Urbanski |
| Commissioner of Social Security, | ) United States Magistrate Judge |
| | ) |
| Defendant. | ) |

## MEMORANDUM OPINION

Plaintiff Joann C. Owens ("Owens") brought this action for review of the Commissioner of Social Security's ("Commissioner") decision denying her claim for disability insurance benefits under the Social Security Act (the "Act"). In a decision dated June 28, 2007, an Administrative Law Judge ("ALJ"), found that Owens retained the residual functional capacity to perform her previous light work as a cleaner in a state park, and thus was not disabled under the Act.

Owens contends on appeal that the court should reverse the Commissioner's decision and award benefits from the date of her alleged onset, June 21, 2004. Owens first argues that such a reversal is required by the fact that the Commissioner found Owens to be disabled on a subsequent application, with a disability onset date of the day after the ALJ's decision in this case, June 29, 2007. Owens argues that this later determination was based on the same evidence presented to the Commissioner in this case, which suggests that the earlier decision was erroneous. The Commissioner argues that the 2009 award of benefits appears to be based upon medical records received from various medical sources in September, 2009, and that such an

inference of error is inapt. The only reference to the 2009 award of benefits in this case is a Social Security Notice dated December 11, 2009 attached to Owens' summary judgment brief. That letter indicates that the Commissioner made his decision based on medical records from New River Valley Community Services Pulaski County, New River Internal Medicine and Pulaski Community Hospital received in September, 2009. It does not indicate what records were received and the dates of those records. Without further details as to the subsequent disability application, there is no way for the court to determine whether the Commissioner's disability decision on Owens' subsequent application considered the same or different information as that presented in this case. The parties flatly disagree as to whether the information in the subsequent application was different or the same as that in the administrative record in this case. Because the court cannot determine whether the claimant's or Commissioner's contentions are correct from the record before it, this case will be **REMANDED** for further administrative consideration under sentence six of 42 U.S.C. § 405(g). As such, plaintiff's motion for summary judgment (Docket #17) is **GRANTED** and defendant's motion for summary judgment (Docket #20) is **DENIED**.[1]

I

Section 405(g) of Title 42 of the United States Code authorizes judicial review of the Commissioner's denial of social security benefits. Mastro v. Apfel, 270 F.3d 171, 176 (4th Cir. 2001). "'Under the Social Security Act, [a reviewing court] must uphold the factual findings of the [ALJ] if they are supported by substantial evidence and were reached through application of the correct, legal standard.'" Id. (alteration in original) (quoting Craig v. Chater, 76 F.3d 585, 589 (4th Cir. 1996)). "Although we review the [Commissioner's] factual findings only to

---

[1] A hearing was held in this case on June 22, 2010. Accordingly, plaintiff's motion for hearing (Docket #19) is **DENIED as moot**.

2

establish that they are supported by substantial evidence, we also must assure that [his] ultimate conclusions are legally correct." Myers v. Califano, 611 F.2d 980, 982 (4th Cir. 1980).

The court may neither undertake a de novo review of the Commissioner's decision nor re-weigh the evidence of record. Hunter v. Sullivan, 993 F.2d 31, 34 (4th Cir. 1992). Judicial review of disability cases is limited to determining whether substantial evidence supports the Commissioner's conclusion that the plaintiff failed to satisfy the Act's entitlement conditions. See Laws v. Celebrezze, 368 F.2d 640, 642 (4th Cir. 1966). Evidence is substantial when, considering the record as a whole, it might be deemed adequate to support a conclusion by a reasonable mind, Richardson v. Perales, 402 U.S. 389, 401 (1971), or when it would be sufficient to refuse a directed verdict in a jury trial. Smith v. Chater, 99 F.3d 635, 638 (4th Cir. 1996). Substantial evidence is not a "large or considerable amount of evidence," Pierce v. Underwood, 487 U.S. 552, 565 (1988), but is more than a mere scintilla and somewhat less than a preponderance. Perales, 402 U.S. at 401. If the Commissioner's decision is supported by substantial evidence, it must be affirmed. 42 U.S.C. § 405(g); Perales, 402 U.S. at 401.

"Disability" is the "inability to engage in any substantial gainful activity by reason of any medically determinable physical or mental impairment which can be expected to result in death or which has lasted or can be expected to last for a continuous period of not less than 12 months." 42 U.S.C. § 423(d)(1)(A). The "[d]etermination of eligibility for social security benefits involves a five-step inquiry." Walls v. Barnhart, 296 F.3d 287, 290 (4th Cir. 2002). This inquiry asks whether the claimant (1) is working; (2) has a severe impairment; (3) has an impairment that meets or equals the requirements of a listed impairment; (4) can return to his or her past relevant work; and if not, (5) whether he or she can perform other work. Heckler v. Campbell, 461 U.S. 458, 460-462 (1983); Johnson v. Barnhart, 434 F.3d 650, 654 n.1 (4th Cir.

2005) (citing 20 C.F.R. § 404.1520). If the Commissioner conclusively finds the claimant "disabled" or "not disabled" at any point in the five-step process, he does not proceed to the next step. 20 C.F.R. § 404.1520(a)(4). Once the claimant has established a prima facie case for disability, the burden then shifts to the Commissioner to establish that the claimant maintains the residual functional capacity ("RFC"),[2] considering the claimant's age, education, work experience, and impairments, to perform alternative work that exists in the local and national economies. 42 U.S.C. § 423(d)(2)(A); Taylor v. Weinberger, 512 F.2d 664, 666 (4th Cir. 1975).

## II

Owens was 53 years old at the time of the ALJ's decision in this case. She dropped out of school in the eighth grade and previously worked as a drawer maker for a furniture company and a cleaner at Claytor Lake State Park. The ALJ found that Owens suffered from a number of severe impairments, including a back disorder, osteoarthritis, fibromyalgia, left shoulder impingement, right shoulder bursitis, depression and anxiety. Despite these impairments, the ALJ found that Owens retained the RFC to return to her work as a cleaner at a state park.

Owens filed an application for disability insurance benefits on October 27, 2004, claiming an onset date of June 21, 2004. An administrative hearing was convened before an ALJ on March 8, 2007, and on June 28, 2007, the ALJ issued his decision. The Appeals Council denied Owen's request for review on June 5, 2009 and this appeal followed. On December 11, 2009, Owens was awarded benefits as of June 29, 2007 on a subsequent application. As such,

---

[2] RFC is a measurement of the most a claimant can do despite his limitations. See 20 C.F.R. § 404.1545(a). According to the Social Security Administration:

> RFC is an assessment of an individual's ability to do sustained work-related physical and mental activities in a work setting on a regular and continuing basis. A 'regular and continuing basis' means 8 hours a day, for 5 days a week, or an equivalent work schedule.

Social Security Regulation (SSR) 96-8p. RFC is to be determined by the ALJ only after he considers all relevant evidence of a claimant's impairments and any related symptoms (e.g., pain). See 20 C.F.R. § 404.1529(a).

this appeal concerns a three year closed period of benefits between June 21, 2004 and June 28, 2007.

## III

The administrative record reflects that Owens has been treated for years for fibromyalgia, depression and other ailments. Her long time treating internal medicine specialist, Dr. Kenneth R. Pendergrast, completed a Medical Source Statement of Ability to do Work-Related Activities (Physical) on April 10, 2007, which would preclude any work. Dr. Pendergrast stated that Owens cannot stand more than a few minutes without sitting down. He noted that she has to lie down frequently as well due to her low back and right hip pain. (R. 406.) Despite the fact that Dr. Pendergrast had been treating Owens for many years, the ALJ afforded this opinion little weight. (R. 25.) The ALJ gave greater weight to the RFC determinations made by the state agency physicians, and added some additional limitations of his own. (R. 26.) The administrative record also contains an opinion from Owens' treating Licensed Professional Counselor, Jimmie L. Parish, dated August 10, 2005, indicating that during the period he treated Owens in 2004, she was unable to work. (R. 258-59.) The treating counselor's opinion noted that during that period, Owens was hospitalized at Carilion St. Albans Psychiatric Hospital for "evaluation and treatment of very severely depressed mood, associated anxiety and severe numerous vegetative symptoms, not responding to significant and vigorous outpatient treatment." (R. 391.) The ALJ rejected the opinion of LPC Parish, according it little weight, in favor of the opinion of Mark S. Perez-Lopez, a Licensed Clinical Psychologist who performed a consultative evaluation of Owens for the state agency. (R. 25-26, 379-89.)

5

## IV

Owens argues that this case should be remanded for reconsideration of the disability onset date in light of new evidence documenting that the Commissioner found Owens disabled in a subsequent application as of the date after the ALJ's unfavorable opinion. The court agrees.

As noted above, the court does not have any information about Owens' subsequent application other than as set forth in the two page Social Security Notice dated December 11, 2009. The December 11, 2009 letter from SSA states, in pertinent part, as follows:

> **How We Made the Decision**
>
> All relevant reports were requested and the following evidence was used to decide your claim.
>
> NEW RIVER VALLEY COMMUNITY SERVICES PULASKI CLINIC report received 09/18/2009
>
> NEW RIVER INTERNAL MEDICINE report received 09/18/2009
>
> PULASKI COMMUNITY HOSPITAL report received 09/17/2009

The parties disagree as to what evidence was before the Commissioner on the subsequent application. In her brief, Owens asserts that "[i]t appears that SSA found Plaintiff to be disabled based on the same medical records which were before the ALJ and the Appeals Council." (Pl.'s Br. at 6.) The Commissioner's brief takes just the opposite tack, stating "[t]he Agency's determination that she was disabled and entitled to benefits as of June 29, 2007, is based on different and subsequent medical evidence and relates to a time period after that adjudicated in the present claim." (Def.'s Br. at 14.)

The SSA letter indicates the source of the evidence reviewed and the date it was received by SSA. However, it does not indicate the dates of treatment reflected in these records. Thus, the court has no way of knowing whether Owens or the Commissioner is correct as to whether

the benefit award on the subsequent application was based on the same or different evidence than contained in the administrative record in this case.

Pursuant to sentence six of 42 U.S.C. § 405(g), a reviewing court may remand a case to the Commissioner upon a showing that there is new evidence which is material and that there is good cause for the failure to incorporate such evidence into the record in a prior proceeding. See Borders v. Heckler, 777 F.2d 954, 955 (4th Cir. 1985). Evidence is new if it is relevant to the determination of disability at the time the application was first filed and not merely cumulative. Id. at 955; see also Wilkins v. Sec'y Dep't Health & Human Servs., 953 F.2d 93, 96 (4th Cir. 1991) ("Evidence is new within the meaning of this section if it is not duplicative or cumulative."). It is material if there is a reasonable possibility that the new evidence would have changed the outcome. Wilkins, 953 F.2d at 96; Borders, 777 F.2d at 955. There must be a good cause for the claimant's failure to submit the evidence when the claim was before the Commissioner, and the claimant must present to the remanding court at least a general showing of the nature of the new evidence. Borders, 777 F.2d at 955.

In the instant case, the Commissioner's decision to grant disability benefits on a subsequent application one day after the ALJ's unfavorable decision constitutes both new and material evidence. See Hayes v. Astrue, 488 F. Supp. 2d 560, 565 (W.D. Va. 2007) (Jones, J.) ("[W]here a second social security application finds a disability commencing at or near the time a decision on a previous application found no such disability, the subsequent finding of a disability may constitute new and material evidence."); Reichard v. Barnhart, 285 F. Supp. 2d 728, 734 (S.D. W.Va. 2003) (finding the ALJ's decision granting disability benefits less than a week after he first pronounced claimant was not disabled is new and material evidence). While the grant of benefits on a subsequent application is not preclusive evidence as to a prior

application, it is new and material evidence warranting a remand. Hayes, 488 F. Supp. 2d at 565 (citing Bruton v. Massanari, 268 F.3d 824, 827 (9th Cir. 2001)); see also Wilkins, 953 F.2d 93 (4th Cir. 1991).

The Commissioner found Owens to be disabled as of June 29, 2007, the date after the ALJ's final decision denying benefits. As noted above, the parties disagree as to whether the award of disability benefits to Owens was based on the same or different evidence as contained in the administrative record in this case. As the court does not have all of the records upon which the award of benefits on the second application was based, it cannot determine if the disability determination was based on evidence similar to that considered by the ALJ on the application at issue in this case or whether there were substantial changes in Owens' physical and/or mental condition subsequent to the denial of benefits by the ALJ. However, the evidence of record demonstrates that Owens has suffered from depression and fibromyalgia, long-standing, chronic impairments for which she has received treatment for many years. Her long term treating internal medicine specialist and her treating licensed professional counselor have both opined that Owens is incapable of working based on her long term aliments. There is no evidence to suggest material deterioration in Owens' condition after the ALJ's decision in this case. Perhaps such evidence exists, but it is not reflected in the record in this case. The chronic nature of Owens' impairments, combined with the decision to commence her disability benefits on the day after the decision in this case, tends to suggest otherwise. Thus, the Commissioner's subsequent decision may be highly relevant to the determination of disability in this case. As the court held in Reichard,

> [T]here is a reasonable possibility that the evidence considered by ALJ Conover in reaching his second decision might well have changed the outcome in this case as it was before him the first time. It is not in any way evident from the current record in this

case how Claimant became disabled less than a week after ALJ Conover's first decision.

285 F. Supp. 2d at 734.

There is good cause for the failure to incorporate this evidence into the record during the prior proceeding, as the ALJ's decision in this case became final when the Appeals Council denied Owens' request for review on June 5, 2009 (R. 5), and the Commissioner did not render a favorable opinion on Owens' subsequent application until December 11, 2009. (R. 241-42.) Finally, Owens has presented the court with a general showing of the nature of this new evidence, as the notice of the award of benefits is attached to her summary judgment brief.

Certainly, there is a possible inconsistency between the denial of disability benefits and the subsequent grant of benefits only one day after the ALJ's unfavorable decision. Given the long term nature of Owens' physical and mental impairments, and the disability opinions of her treating medical sources, this new and material evidence should be considered by the Commissioner in determining an appropriate onset date in this case. Therefore, this case is remanded pursuant to sentence six of 42 U.S.C. § 405(g) for consideration of this new evidence in determining whether an earlier disability onset date is warranted. See Hayes, 488 F. Supp. 2d at 565. Accordingly, plaintiff's motion for summary judgment (Docket #17) is **GRANTED** and defendant's motion for summary judgment (Docket #20) is **DENIED**.

V

At the end of the day, it is not the province of the reviewing court to make a disability determination. It is the court's role to determine whether the Commissioner's decision is supported by substantial evidence. In this case, substantial evidence does not support the Commissioner's decision, as there is a potential inconsistency between the denial of disability benefits and the subsequent grant of benefits based on the same alleged physical and mental

limitations only one day after the ALJ's unfavorable decision. Accordingly, this case is remanded pursuant to sentence six of 42 U.S.C. § 405(g) for consideration of this new evidence in determining whether an earlier disability onset date is warranted, and, if so, determining such a date.

The Clerk of Court is hereby directed to send a certified copy of this Memorandum Opinion to all counsel of record.

ENTER: This 22nd day of September, 2010.

Michael F. Urbanski
United States Magistrate Judge